(22 P.3d 613)
No. 84,832

Sheila Flenory, as the Next Friend and Heir at Law of Nerrell Flenory, *Appellant*, v. Eagle's Nest Apartments, *Appellee*.

Opinion filed April 27, 2001.

*Donald T. Taylor*, of Robb, Taylor & O'Connor, of Kansas City, for appellant.

*Edward J. Barbosa*, and *Wendell E. Koerner*, of Franke & Schultz, P.C., of Kansas City, Missouri, for appellee.

Before Gernon, P.J., Green and Beier, JJ.

Beier, J.: Sheila Flenory appeals the district court's denial of her motion to determine the total amount of an arbitration award. We reverse and remand, holding that the arbitrator exceeded his authority by providing for application of a statutory cap to Flenory's nonpecuniary damages.

The arbitration award at issue in this appeal followed a wrongful death action brought by Flenory after the death of her son, Nerrell. Nerrell nearly drowned in a swimming pool at an apartment complex owned by Eagle's Nest Apartments and subsequently died after life support was discontinued on June 30, 1998.

The parties submitted the claim to binding arbitration under a high-low agreement that the minimum award would be $50,000 and the maximum award $300,000. If the arbitrator's award fell between those two extremes, they agreed that the amount of the award would be the arbitrator's amount. The agreement was memorialized in a letter between counsel.

After hearing, the arbitrator made the following award:

"I have determined that the net award, after adjustment for fault of plaintiff and others, is as follows: for the survival action, no award: for the wrongful death action, pecuniary damages of $27,339.79 and nonpecuniary damages of either

$100,000.00 or $137,500.00, *depending on whether the one hundred thousand dollar cap or the two hundred fifty thousand dollar cap applies.*" (Emphasis added.)

The arbitrator's reference to two damages caps was his response to the legislature's decision to increase the cap in K.S.A. 60-1903 for nonpecuniary damages in wrongful death actions from $100,000 to $250,000, effective July 1, 1998. See L. 1998, ch. 68, § 1.

Following the award, Flenory filed a motion to have the district court interpret the award by applying no statutory cap or, in the alternative, applying the amended $250,000 cap. The district court held the unamended $100,000 cap was applicable to the nonpecuniary portion of the arbitrator's award, and this appeal followed.

"A written agreement to submit any existing controversy to arbitration is valid, enforceable and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract." K.S.A. 2000 Supp. 5-401(a).

With these opening words of the Uniform Arbitration Act as our polestar, we find Flenory's argument that the arbitrator exceeded his authority under the arbitration agreement dispositive. The arbitrator was not empowered to apply a cap not agreed to by the parties. Here, in this quasi-judicial proceeding, the high-low agreement was a stand-in for the statutory cap.

In our view, the arbitrator in this case can be compared to the jury in the traditional personal injury trial. Such a jury is instructed to decide liability and arrive at the amounts of various types of damages, if any. Only later does the court reduce any nonpecuniary damages award if it exceeds the applicable cap. This is what the parties or, in the event of a disagreement, the court would have done here if it had been necessary to conform the award to the high-low agreement.

K.S.A. 5-412(a)(3) provides that a court shall vacate an arbitration award, *upon application of a party*, if the arbitrator exceeded his or her powers. Flenory made no such application. She merely asked the district court to interpret the arbitrator's award to eliminate consideration of the statutory cap.

Under these circumstances, we do not remand for entry of an order vacating the award. Rather, on remand, the district court shall withdraw its order denying Flenory's motion and enter a new order interpreting the award to eliminate any effect of the cap in K.S.A. 60-1903 or K.S.A. 2000 Supp. 60-1903. In the future, if parties to arbitration want a statutory cap to apply to any award, they need to include a provision to that effect in their written agreement.

Reversed and remanded for further proceedings consistent with this opinion.